HART'S EXXON SERVICE STATION,
Employer, FARM BUREAU INSURANCE
COMPANIES, Insurance Carrier *v.*
Joe PRATER

CA 79-337                                          597 S.W. 2d 130

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Released for publication April 23, 1980

*Daggett, Daggett & Van Dover,* by: *Jesse B. Daggett,* for appellants.

*Ray & Donovan,* for appellee.

MARIAN F. PENIX, Judge. The claimant, Joe Prater, suf-

fered a compensable injury August 21, 1977 while an employee of Hart's Exxon. At the time of the accident claimant had a second job with the Marianna School District. Hart's Exxon turned in a claim to the Farm Bureau Insurance office in Marianna which mailed a claim notice to Farm Bureau in Little Rock on August 23. On August 29, Claimant employed an attorney to represent him. Farm Bureau mistakenly processed the claim as an accident covered by a general liability policy. On September 7, 1977 the local Farm Bureau's agent discovered the error and refiled the claim as a workers' compensation claim. On September 15 Farm Bureau contacted a local adjuster requesting information on the claim. On September 19 the Claimant's attorney mailed an A-7 form to the Arkansas Workers' Compensation Commission and a copy was forwarded to Farm Bureau. On September 28 the Farm Bureau mailed checks to the Claimant — five weeks from the date of the injury. The Claimant was awarded compensation based on his earnings from Hart's Exxon alone. The award was for permanent partial disability of 35% to the body as a whole. The Commission affirmed the Administrative Law Judge's holding that the claim had been controverted.

The Respondents appeal from the finding of 35% disability to the body as a whole and from the determination that the claim had been controverted in its entirety.

The Claimant appeals alleging the compensation rate should have been based upon his combined earnings from his two jobs.

I

The Respondents deny having controverted the claim in its entirety. The respondents concede 8% to the body as a whole but controvert all above that amount.

Our question becomes, was there substantial evidence to support the Commission's finding that the claim was controverted in its entirety, and was there substantial evidence to support the 35% permanent partial to the body as a whole.

The Respondents argue the 15 day period within which respondents must pay benefits commences from the date the employee-claimant serves notice on the Commission. The first duty to report an injury to the Workers' Compensation Commission lies with the employer not the employee. Ark. Stat. Ann. § 81-1334.

The Commission's first notice of this injury was *not* provided by the employer within 10 days as required by § 81-1334, supra. The Claimant's attorney first informed the Commission. The employer is not entitled to extend its duty to pay compensation within 15 days by withholding the filing of the claim with the Commission in the first instance. The employer was aware of the injury on the date it occurred, August 21. The employer did not notify the Commissson within the 10 days as required by law. The primary responsibility is on the employer.

If there was a mistake made by Respondents in processing the claim initially, the Respondents must bear the resultant loss. If the Respondents could plead clerical or administrative mistake, the injured worker would be placed in an untenable position. He would have no way to rebut such a defense to controversion. The Farm Bureau discovered its process error on September 7. Respondents still delayed payment 21 more days even though Hart's Exxon knew of the injury on August 21. The compensation payments were due to begin the 15th day after Hart's Exxon had notice of the injury. Such date would have been September 5. The first installment was mailed to Claimant on September 28 — some 5 weeks from the date Hart's Exxon knew of the injury.

We find substantial evidence to support the finding of controversion.

II

The Commission found 35% disability. Dr. Joe Lester estimated the Claimant's permanent anatomical impairment to be 8%. At the time of the injury, the Claimant was 40 years old, had a tenth grade education and a stuttering impediment. Because of his injury, the Claimant can no longer do

the general service station duties required at Hart's Exxon. Since receiving the crushing injury between two motor vehicles the Claimant has had problems with urinary incontinence. He has continued his job as janitor but has Youth Corps workers to help with mopping and with running the buffer.

We find substantial evidence to support the Commission's award of 35%. See *Burks, Inc.* v. *Blanchard,* 259 Ark. 76, 531 S.W. 2d 465 (1976) which stated:

> In approving disability ratings in excess of the percentage disability based on medical evidence alone, consideration is given not only to the medical evidence, but also to the Claimant's age, education, experience, and other matters affecting wage loss.

The Respondents point to testimony which indicates the Claimant now directs school traffic 45 minutes in the morning and 30 minutes in the afternoon and is a volunteer deputy sheriff and they urge a reversal for lack of substantial evidence. On review, this Court must look to the evidence most favorable to the appellee claimant and affirm if there is any substantial evidence to support the Commission's decision. *Dillaha Fruit Co.* v. *LaTourrette,* 262 Ark. 434, 557 S.W. 2d 397 (1977); *Foster* v. *Johnson,* 264 Ark. 894, 576 S.W. 2d 187 (1979); *Aluminum Company of America* v. *McClendon,* 259 Ark. 675, 535 S.W. 2d 832 (1976). The question on appeal is not whether we would have reached the same decision. We hold there is substantial evidence to support the Commission's finding. *Dillaha Fruit Co.,* supra.

### III

The Claimant's appeal contending his compensation should be calculated on the combined incomes of his employment with Hart's Exxon and the Marianna School District must be denied.

The premiums received by the insurance carrier to cover the risk must be determinable. They are generally based on the payroll of the employer. Quite obviously, the risk insured

by a policy of workers' compensation could not be determined with any degree of accuracy if compensation rates were computed on incomes outside the covered employment.

Ark. Stat. Ann. § 81-1302(h) provides:

(h) 'Wages' means the money rate at which the service rendered is recompensed *under the contract of hire in force* at the time of the accident. . . .

Ark. Stat. Ann. § 81-1312 provides:

. . . Compensation shall be computed on the average weekly wage earned by the employee *under the contract of hire in force at the* time of the accident. . .

Because the Workers' Compensation Act is remedial it should be construed liberally. But liberal construction does not mean enlargement or restriction of any plain provision of the law. If a statutory provision is plain and unambiguous, it is the duty of the Court to enforce it as it is written.

There is no provision for combining wages. In 2 Larson's Workmen's Compensation Law, § 60.30, Professor Larson discusses the majority rule as being "the earnings may be combined if, but only if, the employments were 'related' or 'similar' ".

In the instant case the service station job and the janitorial job at the school are not related nor similar. The school district did not pay workers' compensation premiums to Respondent Carrier. To remain solvent, the insurance carriers must receive a premium commensurate with the risk assumed.

For the above reasons, we affirm the Commission on all points and allow an additional attorney's fee of $250.00 to the Claimant's attorney.