Gerry SWAFFORD, Widower, et al, of Delores
SWAFFORD, Deceased Employee *v.* TYSON
FOODS, INC., Self-Insured Employer

CA 80-463                                        614 S.W. 2d 244

Court of Appeals of Arkansas
Opinion delivered April 22, 1981

*Davis, Bracey & Heuer, P.A.*, by: *Sam T. Heuer*, for
appellant.

*Davis, Bassett, Cox & Wright*, for appellee.

PER CURIAM. Amici Curiae briefs may be filed in the
above styled appeal from the Workers' Compensation Com-
mission within forty (40) days from the date of this order.

The appeal involves the question of whether Ark. Stat.
Ann. § 81-1302(m) (Repl. 1976) creates an impermissible
gender-based discrimination under the Fourteenth Amend-
ment of the United States Constitution and/or Article II,
Section 18 of the Constitution of the State of Arkansas.

The Arkansas Workers' Compensation Act, Ark. Stat.
Ann. § 81-1302 provides:

(1) "Widow" shall include only the decedent's
legal wife, living with or dependent for support upon
him at the time of his death.

(2) "Widower" shall include only the decedent's
legal husband who, at the time of her death, was living
with and dependent upon her for support and was
incapacitated to support himself.

The distinction between widow and widower carried forward into Ark. Stat. Ann. § 81-1315 (c) ". . . compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon him in the following percentage of the average weekly wage of the employee, and in the following order of preference:

First. To the widow if there is no child, thirty-five per cent (35% ), and such compensation shall be paid until her death or remarriage. Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.

To the widower, if there is no child, thirty-five per cent (35% ), and such compensation shall be paid during the continuance of his incapacity or until remarriage. Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.

If this Court concludes that § 81-1302 (m) is constitutionally invalid, it is faced with the further question whether the defect should be cured by extending the rights of widowers or eliminating them for widows.

Amici Curiae briefs may be filed without securing permission of the regular attorneys of the parties to this appeal and copies of such briefs will be served on those attorneys by the clerk.