Harley CURTIS *v.* ERMERT FUNERAL HOME and
INSURANCE COMPANY OF NORTH AMERICA

CA 81-352                                    630 S.W. 2d 57

Court of Appeals of Arkansas
Opinion delivered March 24, 1982

*Frierson, Walker, Snellgrove & Laser,* by: *Glenn Lovett, Jr.,* for appellant.

*Penix, Penix & Mixon,* by: *Richard Lusby,* for appellees.

GEORGE K. CRACRAFT, Judge. This appeal primarily presents the question of the proper method for determination under Ark. Stat. Ann. § 81-1312 (Repl. 1976) of the average weekly wage of an employee who holds two concurrent jobs with different employers and suffers a compensable injury which arises out of his employment with only one of them.

The Commission found that the appellant, Harley Curtis, had been employed by the City of Corning for over ten years as a grave digger and general maintenance man at the Corning Cemetery. During that same period he was also employed by appellee, Ermert Funeral Home, doing the same type work for them at burial places other than at the Corning Cemetery. On October 3, 1978, he sustained a compensable injury while performing such work in the employ of Ermert Funeral Home.

The appellant contended before the Arkansas Workers' Compensation Commission that inasmuch as he was employed by two employers in similar work, his earnings in both employments should be combined in the calculation of the applicable compensation rate. The Commission ruled that under our statute and decisions construing it only those wages paid by the employer on whose job claimant was injured should be considered. From that determination the appellant has appealed. The appellees have cross-appealed contending that the finding of the Commission that the appellant was employed by Ermert Funeral Home at the time of injury is not supported by substantial evidence.

## THE CROSS-APPEAL

The appellees contend that at the time of the injury the appellant was acting in the capacity of an independent contractor. In support of that position appellees point out

testimony tending to prove that appellant was first contacted by a Mr. Hower to do work for him in moving two burial vaults located outside the City of Corning, and that Hower and appellant had agreed upon the time and price for the work independently of his employment with Ermert Funeral Home.

While there was conflicting testimony as to appellant's status at the time of his injury there was evidence tending to prove that Ermert Funeral Home contacted him with respect to this private work and that appellant expected to be paid by Ermert. There was testimony that he used Ermert's tools in moving the vaults and that after he was injured Ermert supplied another employee to finish the job. There was testimony that the owner of the vaults first contacted appellee-funeral home about the work and sent his check in payment for the work to the appellee, rather than to appellant Curtis. There was also evidence that whenever appellant had done similar work for appellee in the past he had been paid by appellee-funeral home.

It is well settled that this court on appeal is required to review the evidence in the light most favorable to the findings of the Commission and to give the testimony its strongest probative value in favor of the order of the Arkansas Workers' Compensation Commission. The issue on appeal is whether the evidence supports the finding which the Commission made. When a commission makes a finding of fact, that finding carries the weight of a jury conclusion. The decision of the Commission must stand if supported by substantial evidence. *Bankston* v. *Prime West Corporation,* 271 Ark. 727, 610 S.W. 2d 586 (Ark. App. 1981). When the testimony is viewed in the proper light we cannot say that the finding of the Commission that appellant was an employee of appellee-funeral home at the time of his injury is not supported by substantial evidence.

## THE DIRECT APPEAL

The appellant contends in his direct appeal that the Arkansas Workers' Compensation Commission erred in determining his average weekly wage by considering only

those wages earned by him under his contract of hire with the appellee-funeral home and in refusing to combine those wages with the wages earned from the City of Corning. In his brief the appellant concedes that the Court of Appeals in *Hart's Exxon Service Station* v. *Prater,* 268 Ark. 961, 597 S.W. 2d 130 (Ark. App. 1980), rejected this same argument by declaring that the Arkansas Workers' Compensation Act makes no provision for combining wages earned in concurrent employments but, to the contrary, specifically limits the determination of an employee's average weekly wage to those wages earned by the employee *under the contract of hire in force at the time he receives his injury.* He submits, however, that this was an erroneous and illogical construction of the statutes which should not be binding upon the Workers' Compensation Commission, and that we should expressly overrule it. We do not agree and have no difficulty in sustaining the soundness of the prior decision.

In support of his argument the appellant states that the majority rule in sister states is that earnings from concurrent employments may be combined for this purpose if the employments are "related" or "similar," citing *Larson's Workmen's Compensation Law* § 60.31 at page 10-401 and the many cases cited therein. While this may be a correct statement of a majority rule, we note from the cases analyzed by Larson that the statutory provisions fixing the wage base of injured employees entitled to compensation vary widely. Some states, including New York and Texas, have express provisions in their statutes which provide for the aggregation of earnings from concurrent "related" or "similar" employments. Other states have statutes which require that the wages from all employments be combined. Others define wages as "earning capacity," and some define these words as "wages earned while working full time." In our resolution of the issue we are not to be persuaded by what other courts may have held under statutes worded differently from our own, but we are required to look to the provisions of our own Act.

Our Workers' Compensation Act does *not* provide benefits for an injured worker based upon his "earning capacity," "wages earned while working full time," or "the

amount the injured worker would be earning if it were not for the injury" but allows benefits based on his "average weekly wage." Ark. Stat. Ann. § 81-1302 (h) (Repl. 1979) defines the word "wages" as used in the Act as follows:

DEFINITIONS — As used in this act:

(h) "Wages" means the money rate at which the service rendered is recompensed *under the contract of hire in force at the time of the accident,* including the reasonable cash value of board, rent, housing, lodging or similar advantage received from the employer and including gratuities received in the course of employment from others than the employer when such gratuities are received with the knowledge of the employer. (Emphasis added)

Ark. Stat. Ann. § 81-1312 (Repl. 1976) provides the method by which the basis for compensation — the "average weekly wage" — is to be determined. That section is as follows:

81-1312. Basis for compensation — Determination of weekly wages. — Compensation shall be computed on the average weekly *wage* earned by the employee *under the contract of hire in force at the time of accident,* and in no case shall be computed on less than a full time work week in the employment. Where the injured employee was working on a piece basis, the average weekly *wage* shall be determined by dividing the earnings of the employee by the number of hours required to earn the *wages,* during the period not to exceed fifty-two [52] weeks preceding the week in which the accident occurred, and by multiplying this hourly *wage* by the number of hours in a full time work week in the employment. Overtime earnings are to be added to the regular weekly *wages* and shall be computed by dividing the overtime earnings by the number of weeks worked by the employee in the same employment under the contract of hire in force at the time of the accident, not to exceed a period of fifty-two [52] weeks preceding the accident. If, because of exceptional circumstances, the average weekly *wage* cannot be fairly

and justly determined by the above forumlas, the Commission may determine the average weekly *wage* by a method that is just and fair to all parties concerned. [Init. Meas. 1948, No. 4, § 12, Acts 1949, p. 1420.] (Emphasis added)

The appellant argues that while § 81-1312 contains two specific formulas for determining average weekly wage which do limit the determination to wages "earned under the contract of hire in force at the time of the accident" it also contains a "catchall" clause which is not so limited and thus permits the Commission in exceptional circumstances to determine the weekly wage by combining all wages in concurrent employments where this is found to be fair and reasonable. He contends that the failure to include the limiting language in the "catchall" proviso was by specific omission and had the legislative branch intended to so limit that proviso to a particular employment it might easily have said so. In support of this argument the appellant relies heavily upon *Foreman* v. *Jackson Minute Markets,* 265 S.C. 164, 217 S.E. 2d 214 (1975) and *Larson's Workmen's Compensation Law* § 60.31. In *Foreman* the provisions of the South Carolina Workers' Compensation Act being construed by the court were not similar to our own. That statute directed the Commission, in exceptional circumstances, to determine "the amount the injured employee would be earning were it not for the injury." This language was interpreted to permit a consideration of the worker's "earning capacity" and hence did not limit him to the contract in force at the time of the injury.

Our Act is quite different. Section 81-1302 (h) declares that any time the word "wage" is used in the Act it shall be construed to mean the "money rate at which the service rendered is compensated *under the contract of hire in force at the time of the accident.*" Section 81-1312 concerns itself exclusively with the determination of "average weekly wage," and the definition of the word "wage" is controlled and supplied by § 81-1302 (h). It makes no provision for combining those wages with concurrent employment whether similar or otherwise. The fact that the word "wage"

is not redefined in the "catchall" proviso to § 81-1312 is not controlling. That definition was supplied by § 81-1302 (h).

In *Barnhardt* v. *Yellow Cab Co.*, 266 N.C. 419, 146 S.E. 2d 479 (1966) the court in construing its statute, very similar to our own, said:

> A worker injured in one such employment, but which injury prevents him from working in his other employment as well, may suffer financial hardship by reason of the fact that the compensation he can receive must be based only upon his wages from the employment in which he received the injury.

> But Courts are limited to the interpretation of statutes to effect the purpose expressed by the Legislature which enacted them. If a statute seems unfair or unjust the remedy must be sought in a legislative change or modification. It cannot be furnished by judicial action in the guise of interpretation. *Quinn* v. *Pate,* supra 124 Vt. at 127, 197 A. 2d at 799.

Although our Workers' Compensation Act is remedial and should be construed liberally in favor of the worker, this does not mean that we should either enlarge or restrict plain provisions of the Act. We hold that the clear wording of our statutory definition of "wages" makes no provision for combining wages from concurrent employments in determining benefits.

We affirm.

GLAZE, J., dissents.