# MARIANNA SCHOOL DISTRICT *v.* Mary Lou VANDERBURG

CA 85-304                    700 S.W.2d 381

Court of Appeals of Arkansas
Division I
Opinion delivered December 18, 1985

*H. Oscar Hirby*, Public Employees Claims Division, Arkansas Insurance Department, for appellant.

*Whetstone & Whetstone*, by: *Zan Davis*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. The sole question presented by this appeal is the proper method for determination

under Ark. Stat. Ann. § 81-1312 (Repl. 1976) of the average weekly wage of an employee who holds two concurrent jobs with the same employer and suffers a compensable injury while performing one of them.

The facts are not in dispute. In 1974 Mary Lou Vanderburg was hired by the Marianna School District as a school bus driver. Her duties required her services in the early morning and mid-afternoon hours. In 1975 she was hired by the school district's food service department to work those hours between her bus schedules in the school cafeteria. The two jobs did not overlap. She signed separate contracts for each employment and was paid by separate checks drawn on different accounts maintained by the employer. The employer's workers' compensation insurance covered both employments and premiums were computed on the appellee's combined wage in both employments. On April 5, 1984 the appellee sustained a compensable injury while driving a bus for the school district.

The employer accepted the injury as a compensable one but contended that appellee's weekly benefits should be calculated only on her average weekly wage under the contract for bus driving duties. The employee contended that she was entitled to have her average weekly compensation determined on her earnings under both contracts. The Commission held that the wages paid for the two jobs should be combined for the purpose of determining the appellee's weekly compensation rate and this appeal followed. We find no error in the Commission's conclusion and affirm the award.

Ark. Stat. Ann. § 81-1310 (Supp. 1985) provides that the compensation payable to an injured employee for disability shall not exceed 66-⅔% of the employee's "average weekly wage." Ark. Stat. Ann. § 81-1302(h) (Repl. 1976) defines wages as the money rate at which the service rendered is recompensed under the contract of hire in force at the time of the accident. Ark. Stat. Ann. § 81-1312 provides that compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident.

This court has addressed the application of these sections to concurrent employments on two prior occasions. *Curtis* v. *Ermert Funeral Home & Ins. Co.*, 4 Ark. App. 274, 630 S.W.2d 57

(1982); *Hart's Exxon Service Station* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark. App. 1980). We do not agree with the appellant that these cases declare that the provisions of § 81-1312 do not permit the combining of wages from concurrent employments in any case. Both cases are distinguishable from the case at bar because both involve the proper method of determining the average weekly wage of an employee who held concurrent jobs with *different* employers and suffered an injury which arose out of his employment with one of them.

In both cases it was argued that we should adopt the majority rule that earnings from concurrent employments with different employers may be combined for this purpose if the employments are "related" or "similar," citing 2 Larson, *Workmen's Compensation Law*, § 60.30. In *Hart's Exxon* that argument was rejected because the Arkansas act contained no provision for combining wages in such circumstances. The court pointed out that to hold otherwise would impose upon the workers' compensation carrier an obligation it had not assumed and for which it had received no premium. In *Curtis* we were again asked to adopt the majority rule as stated in Larson and expressly overrule *Hart's Exxon*. This we declined to do.

In *Curtis* we pointed out that the wording of the statutory provision fixing the wage base of an injured employee varied from state to state and the enactments of those states adopting the majority rule differed from our own by either expressly or impliedly authorizing the combining of wages for all employments. Our statute, however, provides that the benefits shall be based on the employee's average weekly wage and defines "wage" as the money rate at which the service rendered is recompensed under the contract of hire in force at the time of the accident. We therefore concluded in *Curtis* that the clear wording of our statute made no provision for combining wages from concurrent employments with different employers in determining average weekly wages. Our statute, unlike those of many sister states, provides that average weekly wages means those wages currently earned by the injured worker under an employment contract with the employer in whose employment the injury is suffered.

The issue of combining wages earned in concurrent

employment with the same employer was not before us in either *Curtis* or *Hart's Exxon*. Those cases hold no more than that our statute makes no provision for combining wages earned in concurrent employment with different employers in the determination of the average weekly wage of an injured worker.

We find a sound basis for a distinction between the combining of wages earned in concurrent employments with different employers and those earned in concurrent ones with the same employer. The combining of wages from different employers would impose on the employer a liability of which he might not be aware and had not assumed and upon the carrier one for which it was not compensated by premiums. Here the injured worker worked full-time for the same employer and insurance premium computations were based on the wages paid her in both employments.

In 1C Larson, *Workmen's Compensation Law*, § 47.10, Professor Larson points out that workers' compensation enactments required a new concept of employer-employee which the common law of master and servant was ill-equipped to supply. These enactments contemplated a mutual arrangement between an employer and employee in which each gained rights and obligations which had not previously existed and gave up others that had. Injured employees gave up all rights to bring civil actions against employers in exchange for the right to be compensated for industrial injuries free of common law defenses. The primary purpose of these enactments was to provide for the injured employee a stipulated portion of his weekly wages lost as a result of injury arising out of that relationship.

We find that the legislative requirement that both the lost wages and the injury for which compensation is due arise out of that relationship is a reasonable one. We cannot conclude, however, that the legislature intended in every case to deprive an injured worker of a substantial portion of his lost wage benefits simply because that relationship has been established in separate agreements under which the employee works in different departments and is compensated on different wage scales by the same employer. We conclude that under the circumstances presented by this record the action of the Commission was correct.

Affirmed.

COOPER and CORBIN, JJ., agree.