Sharon STEVENS *v.* MOUNTAIN HOME SCHOOL DISTRICT

CA 92-621                                           850 S.W.2d 335

Court of Appeals of Arkansas
Division I
Opinion delivered April 7, 1993

*Poynter & Gearhart, P.A.*, by: *Terry M. Poynter*, for appellant.

*Frank Gobell*, Public Employee Claims, for appellee.

JOHN B. ROBBINS, Judge. Appellant Sharon Stevens suffered a scheduled injury and appeals from a finding by the Workers' Compensation Commission that she was not entitled to disability benefits during her healing period. We agree with appellant's contention that the Commission erred in its interpretation of Ark. Code Ann. § 11-9-102(5), and reverse and remand.

This case was submitted to the administrative law judge on stipulations and the briefs of the parties. Around 1978 appellant began a part-time job with the Mountain Home School District as a school bus driver. On September 7, 1989, appellant sustained a compensable injury to her left knee when the clutch of the school bus she was operating malfunctioned. At that time, appellant was

earning $162 per week from this part-time job. At the time of her injury, appellant was also working a full-time job with the Federal Housing and Urban Development Agency (HUD), which involved flexible hours and sedentary job duties. Appellant's earnings at HUD were $260 per week. The parties have stipulated that following her compensable injury appellant was unable to continue her work for the school district through her healing period, but continued employment with HUD.

As part of the treatment for her compensable injury, appellant underwent arthroscopic surgery in September of 1989 and August of 1990. Appellant's healing period ended February 7, 1991. Temporary total disability benefits were paid by appellee from the date of the injury until August 8, 1990, when appellee discontinued benefits on the theory that appellant was not disabled because she continued to earn wages at HUD equal to or higher than those she was earning from the school district.

Appellant sought temporary total benefits from August of 1990 until her healing period ended in February of 1991. The administrative law judge found that appellant had failed to prove by a preponderance of the evidence that she was entitled to additional benefits, and the Commission affirmed.

The only issue we address is the Commission's interpretation of Ark. Code Ann. § 11-9-102(5) (1987). In interpreting statutes, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, contemporaneous legislative history, or other appropriate matters that throw light on the matter. *Total Disability Trust Fund* v. *Tyson Foods*, 32 Ark. App. 138, 798 S.W.2d 120 (1990).

Disability is defined as "incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury." Ark. Code Ann. § 11-9-102(5) (1987). Focusing on the "same or any other employment" language, the Commission reasoned that because appellant was earning wages at HUD in excess of what she earned from the part-time bus driving job, she was not disabled under this definition. We find that the Commission erred in its interpretation of "the same or any other employment," and hold that, for the purpose of defining disability, "any other employment"

means any other employment in lieu of the one in which the employee was injured. Since appellant was working both jobs when she was injured, the job with HUD was not "any other employment" undertaken in the place of the part-time bus driving job.

Appellee cites three cases dealing with concurrent employment in support of its contention that the Commission correctly interpreted Ark. Code Ann. § 11-9-102(5): *Marianna School District* v. *Vanderburg*, 16 Ark. App. 271, 700 S.W.2d 381 (1985); *Curtis* v. *Ermert Funeral Home*, 4 Ark. App. 274, 630 S.W.2d 57 (1982); and *Hart's Exxon Service Station* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark. App. 1980). These cases hold that wages from a concurrent employment are not to be considered in computing a claimant's wage rate to determine benefits. In *Hart's*, the court explained the reasoning behind this rule: "The premiums received by the insurance carrier to cover the risk must be determinable. They are generally based on the payroll of the employer. Quite obviously, the risk insured by a policy of workers' compensation [insurance] could not be determined with any degree of accuracy if compensation rates were computed on incomes outside the covered employment." 268 Ark. 961 at 965-66.

In the cases cited above, the issue was not whether a claimant was "disabled," or eligible for benefits, but rather the method to be used in computing the amount of those benefits. Appellant's position does not offend the rationale set out in *Hart's*; she asked only for benefits calculable with reference to her job as a school bus driver. The cases cited by appellee are not applicable to determining whether one is disabled under Ark. Code Ann. § 11-9-102(5).

■ We reverse the Commission's decision that appellant was not disabled as defined by the act, and remand for an award of temporary total disability benefits from August 8, 1990, until her hearing period ended on February 7, 1991, based upon appellant's wages from the appellee.

Appellant also argues that one who has sustained a scheduled injury is entitled to temporary disability benefits during his healing period regardless of whether he is "disabled" as defined in Ark. Code Ann. § 11-9-102(5). Because we are reversing and

remanding for an award of temporary disability benefits, this issue becomes moot and will not be addressed.

Reversed and remanded.

JENNINGS, C.J., and PITTMAN, J., agree.