Danny COOK *v.* RECOVERY CORPORATION, et al.

CA 94-535                                    900 S.W.2d 212

Court of Appeals of Arkansas
En Banc
Opinion delivered June 21, 1995
[Rehearing denied July 26, 1995.*]

---

*Cooper, Robbins, and Mayfield, JJ., would grant.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *G.S. Brant Perkins*, for appellee Recovery Corporation.

*J. Chris Bradley*, for appellee City of Osceola.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that appellant was jointly employed by appellees when he sustained an admittedly compensable injury. The Commission further concluded that appellant was entitled to the maximum statutory rate for partial and total disability benefits based upon his combined wages. On appeal, appellant argues that the Commission erred in combining his wages from both employers to arrive at a weekly compensation rate. We disagree and affirm.

The record reveals that appellant worked simultaneously for the City of Osceola and Recovery Corporation when he sustained an admittedly compensable injury. Both the City of Osceola and Recovery Corporation paid appellant for the same eight-hour

shift, one check coming from the City and the other from Recovery Corporation. Appellant filed a claim for benefits contending that he should be entitled to receive two sets of workers' compensation benefits from his respective employers. The administrative law judge found that appellant was entitled to receive the weekly maximum benefits based upon appellant's combined wages from both employers. The Commission affirmed the ALJ's decision. Appellant contends that the Commission erred in combining his wages from both employers to arrive at his average weekly wage. He argues that the Commission should have computed two distinct partial and total disability benefits which he was entitled to receive from each employer, respectively. If we were to accept appellant's argument, he would not be subjected to the maximum benefit cap in effect in 1990, and consequently he would be receiving $73.20 more each week than the Commission awarded.

Arkansas Code Annotated § 11-9-518 (1987) provides:

(a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment.

When a joint employment situation exists, both employers are liable for workmen's compensation. *See Dillaha Fruit Co.* v. *LaTourrette*, 262 Ark. 434, 557 S.W.2d 397 (1977). The issue here involves the computation of an employee's average weekly wage when he suffers a compensable injury while jointly employed by two employers. This precise issue has never been addressed in Arkansas.

In the case of *Marianna School District* v. *Vanderburg*, 16 Ark. App. 271, 700 S.W.2d 381 (1985), the issue involved the proper method for the determination under Ark. Stat. Ann. § 81-1312 (Repl. 1976) of the average weekly wage of an employee who holds two concurrent jobs with the *same* employer and suffers a compensable injury while performing one job. We held that where the injured worker worked full-time for the *same* employer, the Commission did not err by combining the wages paid for the two jobs for the purpose of determining the appellee's weekly compensation rate.

In the case of *Hart's Exxon* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark. App. 1980), Joe Prater was injured while working for Hart's Exxon. He was also employed by the Marianna School District. Mr. Prater filed a claim contending that the compensation rate should have been based upon the combined earnings from his two jobs. The supreme court determined that the Commission was correct in not combining Mr. Prater's wages because he was injured while working for Hart's Exxon; that his two jobs were not related nor similar; and that the school district did not pay workers' compensation premiums to Hart's Exxon's insurance carrier.

Also, in the case of *Curtis* v. *Ermert Funeral Home*, 4 Ark. App. 274, 630 S.W.2d 57 (1982), the appellant requested that his wages from separate, unrelated jobs with different employers be combined to determine his average weekly wage. We determined that under our statutory definition of "wages" there was no provision for combining wages from concurrent employments when there are different employers.

■ All of the previous cases that have dealt with Ark. Code Ann. § 11-9-518 are distinguishable from the case at bar because we have never considered a case where a joint employment situation existed. However, we are provided with some guidance in 1C Larson, *Workmen's Compensation Law*, § 48.45 which provides:

> The normal consequence of joint employment is an award calling for joint and several liability, usually without apportionment. ... Moreover, in a joint liability situation, since the award could be made against either employer or both, an award that runs against only one of the two will be affirmed. An employee who has received full compensation benefits from one employer may not, of course, recover benefits from the other one.

Arkansas Code Annotated § 11-9-519(a) (Repl. 1993) provides:

(a) In case of total disability, there shall be paid to the injured employee during the continuance of the total disability sixty-six and two-thirds percent (66 2/3%) of his average weekly wage.

Also, Ark. Code Ann. § 11-9-501(b)(3) provides:

(3) For a disability or death which results from an injury occurring during a calendar year beginning on or after January 1, 1990, the maximum weekly benefit payable shall be seventy percent (70%) of the state average weekly wage.

The Commission found that:

> . . . it would violate public policy for a joint employee who has already received full compensation benefits from one employer to recover a second set of benefits from another employer for the same incident. If the claimant in this case is allowed to collect full benefits from both employers, claimant will be receiving double the benefits. The logical and correct conclusion is that claimant is entitled to receive temporary total disability benefits based upon a combination of his salary and that each employer is jointly and severally liable for compensation to the claimant.

In the case at bar, it was undisputed that appellant was employed by both appellees in the capacity of a joint employee. Contrary to the dissent's position that appellant was performing two separate jobs, the record indicates that appellant's position did not change to any degree from the work he had been previously performing to the present time. He was receiving a check each week from both appellees for the same work he had been performing for the last eleven years. In fact, appellant was only working one forty-hour work-week. The dissent also states that it is "undisputed that there were two contracts of hire in force at the time of the accident." Further, the dissent assumes that both employers and both insurers in this particular case could expect to be liable for compensation. However, the record does not contain any information which indicates the type of employment responsibilities which existed between both employers and appellant, let alone the insurers' responsibilities for this employee. The only evidence in the record is that appellant was receiving a check from both appellees for the same work week. It does appear that appellant was the *only* employee on his shift that was receiving two checks for his job.

The Commission concluded that appellant was entitled to "indemnity benefits at the maximum statutory rate for permanent and total disability based upon his combined wages provided that, claimant's total weekly indemnity benefits shall not

exceed the maximum weekly benefits rates set forth in the Act." After reviewing the record, we cannot say that the Commission erred in combining appellant's wages to arrive at his average weekly wage. Although our Workers' Compensation Act is remedial and should be construed liberally in favor of the worker, this does not mean that we should either enlarge or restrict plain provisions of the Act. To allow appellant to receive two full sets of benefits, would defeat provisions of our workers' compensation law in that it would go beyond the maximum statutory weekly benefits allowed, and it would not encourage workers to return to the work force.

Affirmed.

COOPER, MAYFIELD and ROBBINS, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. This is a case of first impression calling for the construction of an ambiguity in the Worker's Compensation Act. We are required to construe the Act liberally in favor of recovery. The majority has refused to do so in order to reach an unnatural result.

I strenuously dissent from the prevailing decision in this case. It was stipulated that the appellant in the case at bar was performing two separate jobs, was simultaneously working for two employers, and receiving two separate paychecks, when he sustained his compensable injury.[1] The manner in which the appellant's disability benefits should be calculated is a question of first impression in Arkansas. The statute governing the compu-

---

[1]The prevailing opinion is simply wrong in asserting that the appellant's employment responsibilities did not change between employers. In the first place, it must be emphasized that the parties stipulated that the appellant was a joint employee: therefore, detailed evidence regarding his employment duties was not necessary. In the second place, the record clearly indicates that the appellant's duties differed with respect to his two employers. In his deposition (which is part of the record before us) the appellant testified as follows:

> Q. And, what were your responsibilities and what is your job function in the city of Osceola?
> A. Well, my job is that I'm a boiler operator for the City, and my job is to run the plant. And, with Recovery I was employed, when I got to be employed by Recovery, my job was running the plant and at the same time be the boss over the Recovery crew. I worked for both of them within eight hours period.

The prevailing opinion's failure to recognize this evidence is, perhaps, part of the reason for the manifestly incorrect result it achieved.

tation of compensation, Ark. Code Ann. § 11-9-518 (1987), is ambiguous with respect to this question, providing only that compensation should be based on applicable wages under the contract in force at the time of the accident. It is undisputed that there were *two* contracts of hire in force at the time of the accident.

The prevailing opinion resolves this ambiguity, not by reference to Arkansas law, but instead by citation to Professor Larson's treatise on Workmen's Compensation. Without in any way denigrating this treatise, it must be noted that worker's compensation is a creature of statute which is based on the legislative enactments of each individual state. It is therefore significant to note that the section of Professor Larson's treatise cited by the prevailing opinion finds its authority in a single Rhode Island case, *Lupo* v. *Nursery Originals, Inc.*, 400 A.2d 950 (R.I. 1979). In holding that joint employees could not recover benefits from each employer, the *Lupo* Court stated that a worker should not be permitted to "reap a financial bonanza" because of his employment situation, and that "to pay an injured worker more for not working than for working . . . would create a temptation to malinger." *Id.* at 951, 952. In this context, it is important to note that there is no suggestion in the case at bar that the appellant will be paid more for not working than for working if allowed to fully recover from each employer. Instead, the construction advocated by the appellant would merely allow him to recover 66 2/3% of his wages from each employer; because he would not under that construction be subject to the maximum benefit cap in effect in 1990, he would receive an additional sum of $73.20 each week.

This sum, I submit, is hardly a "bonanza" for a disabled worker. Nevertheless, the prevailing opinion characterizes it as such in order to deny it to the appellant in this case. Certainly, the maximum benefit cap serves a useful purpose by making the potential liability for disability benefits predictable to employers and insurers. However, insofar as both employers and both insurers in this case could expect to be liable for compensable disability to an employee, it is they who reap the bonanza by the majority's decision to limit the injured workers claim.

Given its ultimate reliance on a case which has never before been applied outside of Rhode Island, I think it is clear that the

majority in the case at bar is reaching for a result favorable to employers. It should be observed that far from announcing a "basic premise" of worker's compensation law, the *Lupo* Court itself noted that "[i]n many states a contrary result is dictated by the legislature." *Id.* at 952, note 2. Clearly, Arkansas is such a state. As the prevailing opinion concedes, our statute is unclear concerning the method of calculating benefits under the circumstances of the case at bar. One method allows the worker $73.20 more than the other method, but does not require *either* employer to pay more than the cap. Under such circumstances, our legislature has expressly provided that we are to construe the provisions of the Act liberally in accordance with its remedial purpose. Ark. Code Ann. § 11-9-704(c)(5) (1987); *see generally Mecco Seed Co.* v. *London*, 42 Ark. App. 121, 886 S.W.2d 882 (1994). The prevailing opinion has not only failed to construe the Act liberally in favor of recovery, it has in addition granted a windfall to employers and insurers by characterizing a $73.20 difference in compensation as a "bonanza" to the disabled worker.

ROBBINS and MAYFIELD, JJ., join in this dissent.