Danny COOK *v.* RECOVERY CORPORATION
and City of Osceola

95-746                                          911 S.W.2d 581

Supreme Court of Arkansas
Opinion delivered December 11, 1995

*W. Hunter Williams, Jr.*, for appellant.

*J. Chris Bradley*, for appellee.

DAVID NEWBERN, Justice. This is a workers' compensation case decided by a tie vote of the Court of Appeals. *Cook* v. *Recovery Corp.*, 50 Ark.App. 49, 900 S.W.2d 212 (1995). The appellant, Danny Cook, was injured while employed simultaneously by the appellees, City of Osceola and Recovery Corporation. He claimed benefits from each employer. The Workers' Compensation Commission held Mr. Cook's maximum permanent total disability benefits to be 66 2/3% of the average combined wages of his two employers. Given the statutory benefits cap at the time of the injury, the benefits were limited to $226.11 per week. Had the Commission not combined the wages but considered them separately, the benefits would have been $153.28 from the City and $146.03 from Recovery Corporation. Neither award would have exceeded the cap, so Mr. Cook would have received $299.31. The issue is the meaning in these circumstances of "average weekly wage," as that term is used in Ark. Code Ann. § 11-9-518 (1987). We agree with the prevailing Court of Appeals opinion which affirmed the Commission's ruling.

Mr. Cook supervised city incinerator employees. Recovery Corporation hired him to supervise its employees who worked at the incinerator disposing of medical waste in accordance with a contract with the City. For an eight-hour shift Mr. Cook was paid by both the City and Recovery Corporation, with one paycheck from the City and a separate paycheck from Recovery Corporation.

The injury occurred when Mr. Cook inhaled formaldeyde fumes. The parties agree that at the time he was injured, Mr. Cook was a "joint employee" of the City and Recovery Corporation. A definition of "joint employment" can be found in 1B Larson's Workmen's Compensation Law, § 48.41 at 8-553 (1995):

> Joint employment occurs when a single employee, under contract with two employers, and under simultane-

ous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or closely related to, that for the other.

■ If an employee is engaged in "joint employment," meaning performing for and under the control of two employers at the same time, the liability for workers' compensation benefits is joint. *Dillaha Fruit Co.* v. *LaTourrette*, 262 Ark. 434, 557 S.W.2d 397 (1977). *See also Ridgeway Pulpwood* v. *Baker*, 7 Ark.App. 214, 646 S.W.2d 711 (1983).

Section 11-9-518(a)(1) provides: "Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of accident. . . ."

■ Section 11-9-518 has been interpreted by the Court of Appeals in the context of multiple employers of an injured employee, but not in a case like the one now before us. In two cases, the claimant was an employee of two employers, but the work was separable. *Hart's Exxon Service Station* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark.App. 1980); *Curtis* v. *Ermert Funeral Home*, 4 Ark. App. 274, 630 S.W.2d 57 (1982). In each of those cases it was held that the employer for whom the employee was providing services at the time of the accident was responsible but that the second employer was not. The decisions were based on statutory language, now codified in Ark. Code Ann. §§ 11-9-102(19) (Supp. 1993) and 11-9-518(a)(1) (1987), referring to the "average weekly wage" as that "earned by the employee under the contract of hire in force at the time of the accident." In *Marianna School Dist.* v. *Vanderburg*, 16 Ark.App. 271, 700 S.W.2d 381 (1985), Ms. Vanderburg was employed by the Marianna School District as a bus driver. During hours between the morning and afternoon bus runs, she was employed by the District, under a separate contract, as a cafeteria worker. She sustained a compensable injury while driving a bus. Although there was no statute allowing it, the Court of Appeals held the wages of the two employments were to be combined to determine average weekly wage. The *Curtis* case was distinguished on the ground that the District paid a single workers' compensation premium for the employee and there was no second employer who would be unfairly treated by having to compensate an employee for an injury not related to the contract with that employer.

No one has attempted or suggested sorting out precisely for whom Mr. Cook was performing his job when the accident occurred and thus limiting him to recovery from one employer only. By engaging in joint employment, Mr. Cook gets the benefit of joint liability of his two employers for workers' compensation benefits, but he is unwilling to accept the burden imposed by the cap which is exceeded when the wages are combined.

The law in effect at the time of Mr. Cook's injury required that the statutes be interpreted liberally to accomplish the remedial purpose of the Workers' Compensation Act. Ark. Code Ann. § 11-9-704(c)(3) (1987). Nothing about limiting compensation to a maximum amount prescribed in the Act violates the remedial purpose of the Act. There was no requirement that a case be decided in favor of a claimant when the law was clearly stated in a manner not supportive of his or her claim. The fact that it may be paid by two employers inflicts no ambiguity upon the term "average weekly wage."

Affirmed.