McFALL v. FARMERS TRACTOR & TRUCK CO.

5-1294                                                    302 S. W. 2d 801

Opinion delivered June 10, 1957.

[Rehearing denied July 1, 1957]

*McCourtney, Brinton, Gibbons & Segars,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a workmen's compensation case in which denials of appellant's claim by a referee and the full Commission were affirmed by the Circuit Court.

The following statement by the Commission contains a fair summation of the evidence: ''On the morning of May 4, 1955, claimant was effecting repairs to a tractor at his employer's place of business in Manila, Arkansas. The weather was hot, a high of 89 degrees having been recorded in Blytheville that day, and the work involved occasional heavy lifting. The work was being done in a modern repair shop equipped with several electric fans. At about 11 A. M., after claimant had been at work some four hours, claimant became ill, went to the bathroom on the employer's premises and vomited, and then returned to his labors. Shortly thereafter claimant went home for lunch, and while at home suffered a seizure which rendered him unconscious. Claimant was hospitalized, re-

ceived medical treatment, and returned to work the latter part of May 1955. Claimant worked about a week and a half, and then entered a hospital in Memphis, Tennessee, after suffering a second seizure while sitting in his car. Claimant was operated upon during his stay in the hospital in Memphis, and some three or four weeks after entering the hospital he again returned to work, worked about three weeks, and then was dismissed, because, according to claimant 'I was off work too much on account of this trouble I was having.'

"The record discloses that claimant had a policy of insurance with the Equitable Assurance Society which provided coverage in case of illness or accident not covered by workmen's compensation insurance, and claimant received the benefits provided for in that policy after filing a claim application wherein it was stated that claimant did not intend to present a claim for workmen's compensation benefits.

"The medical evidence is to the effect that the true reason for claimant's seizure is unknown, but there is a suspicion of epilepsy, as well as possible brain tumor, or subarachnoid hemorrhage . . ."

Upon consideration of such evidence the Commission found that appellant had not discharged the burden of proving the occurrence of an accidental injury arising out of and in the course of his employment. In so finding the Commission concluded: "We have many times held that if one's breakdown is attributable to the work he was doing, or to the conditions under which the work was being done, then there is an accidental injury as defined by the Workmen's Compensation Law. The evidence in the case now before us falls short of connecting claimant's seizures with the work he was doing, or with the conditions under which the work was being done."

So the issue here is whether the Commission's conclusion, that appellant failed to establish a causal relation between the employment and his disabling seizures or illness, is supported by substantial evidence.

As appellant suggests and appellees concede, this court is committed to the proposition that the Workmen's Compensation Law should be given a liberal construction and doubtful cases resolved in favor of a claimant in determining whether a disabling condition arose out of the employment. But this rule of liberal construction does not relieve a claimant of the burden of showing a causal relation between his injury and the employment. In discussing the proper construction to be given the statute on this point we have frequently approved the following statement from *Cudahy Packing Co.* v. *Parramore,* 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532; ''The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say, that it is enough if there be a causal connection between the injury and the business in which he employs the latter—a connection substantially contributory, though it need not be the sole or proximate cause.'' *Hunter* v. *Summerville,* 205 Ark. 463, 169 S. W. 2d 579; *McGregor & Pickett* v. *Arrington,* 206 Ark. 921, 175 S. W. 2d 210; *Scobey, Administratrix* v. *Southern Lumber Company,* 218 Ark. 671, 238 S. W. 2d 640.

While there is some circumstantial evidence to the contrary, we cannot say the Commission's finding that appellant failed to show a causal connection between his seizures and his employment is without substantial evidence to support it. As the Commission indicated, none of the three doctors whose reports were introduced in support of appellant's claim would say there was any causal connection between his condition and his work although one was of the opinion that there ''could have been''. Neither doctor saw appellant have a seizure and their opinions were based on the history he gave plus various tests and examinations which revealed ''nothing significant of a pathological nature''.

The judgment is affirmed.