TRAVELERS INSURANCE COMPANY & MANPOWER, INC. *v.* Jimmy Lee PERRY

77-250                              557 S.W. 2d 200

Opinion delivered November 7, 1977
(Division I)

*Byron S. Southern,* of *Southern, Alexander & Gunter,* for appellants.

*James F. O'Hara,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal from a Workmen's Compensation case. The only issue before us questions the finding by the Commission, affirmed by the circuit court, that the claimant had an average wage of $88.00 a week.

We find no substantial evidence to support this finding and, therefore, reverse the judgment entered.

It is undisputed that Jimmy Lee Perry was injured in the course of his employment. The administrative trial judge determined that he should receive the minimum benefits of $15.00 a week during the period of his disability. This award was based on a finding that Perry's average weekly wage was $30.00 a week.

The Workmen's Compensation Commission disagreed with the finding of the administrative judge and found that Perry's average weekly wage was $88.00 a week thereby entitling him to compensation of $57.20 a week. The Pulaski County Circuit Court affirmed this finding. The employer, Manpower, Inc., and its insurance company, Travelers, then appealed questioning the conclusion of the Commission as to Perry's average weekly wage. The Commission concluded that this figure was proper because of the nature of Perry's employment.

On May 27, 1975 Perry signed up to work for Manpower, Inc. — an organization in Pulaski County, Arkansas that provides workers for employers who need temporary help. From May 27th until July the 2nd, Perry worked only four days and was paid a total of about $63.00. His pay was $2.20 per hour. It is not disputed that Perry worked one day, the week ending June 1st; two days, the week ending June 22nd; and the day he was injured, which was July 2nd.

The Commission found that this case was very similar to the case of a lumberman who seldom worked a full five day week due to the nature of the timber industry. *Gill* v. *Ozark Forest Products,* 255 Ark. 951, 504 S.W. 2d 365 (1974).

However, the facts in *Gill* are easily distinguished. In *Gill* it was undisputed that the worker had a "contract of hire in force" which provided for a 40-hour work week at an agreed rate whenever work was available. The claimant always worked when needed.

In this case there was no contract between Perry and Manpower. Perry simply made himself available for work and Manpower assigned him to an employer. Perry did not have a contract that required him to work or to be available for work.

There is a dispute as to whether Perry made himself available at all times during this six-week period for work. It is undisputed that he was only paid for a total of four days over the six-week period of time.

We find no substantial evidence to support the finding by the Commission that Perry's average weekly wage was $88.00.

Therefore, the Commission and lower court were in error. Judgment should be entered for Perry for the minimum amount authorized by law, which is $15.00 a week.

Reversed and remanded for further action not inconsistent with this opinion.

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.