Damon BOYD *v.* METRO TEMPORARIES

CA 92-507                                    846 S.W.2d 668

Court of Appeals of Arkansas
Division II
Opinion delivered February 10, 1993

*Barry D. Kincannon*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *E. Diane Graham*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Damon Boyd appeals from a decision of the Workers' Compensation Commission

finding he was entitled to a compensation rate equal to the statutory minimum of $20.00 per week. Appellant contends the Commission erred in determining his compensation rate. We agree and reverse.

Appellant was employed by Metro Temporaries, a temporary employment agency. On May 10, 1990, while on a work assignment at Didier's Garden Center in Fort Smith, Arkansas, Boyd suffered an admittedly compensable injury to his right leg, resulting in a 29% impairment. He was paid temporary total disability benefits of $101.22 per week from May 11, 1990, through August 20, 1990, when he was released to return to work.

At the hearing before the administrative law judge, the appellee contended that the proper compensation rate was $20.00 per week, the statutory minimum, since the contract for hire was for only four hours at $3.80 per hour. The appellant contended that he was entitled to a greater compensation rate. The administrative law judge held that appellant's proper compensation rate was $76.17 per week. This was based on an average of thirty hours and four minutes per week for the time appellee was employed by appellant on a job assignment prior to the one on which he suffered the subject injury. The full Commission reversed, finding that pursuant to the contract for hire in effect at the time of the accident the appellant was entitled to a compensation rate based on an average weekly wage of four hours at $3.80 per hour. Consequently his compensation should be the statutory minimum of $20.00 per week.

The appellant testified that he was employed by Metro Temporaries in March 1990, and initially assigned to work at Fort Smith Plastics. Appellant continued to work at Fort Smith Plastics until April 24, 1990, when he suffered a compensable injury to his finger. Appellant was taken off work until May 2, 1990, when he received a medical release to return to work. Thereafter, Metro offered to return the appellant back to work at Fort Smith Plastics, but he refused. Appellant was eventually offered a temporary job at Didier's Nursery on May 10, 1990. The job at Didier's was to last only four hours and appellant was to be paid $3.80 per hour. Appellant suffered a compensable injury while working at Didier's, resulting in a permanent injury to his right knee with a permanent physical impairment rating

equal to 29% of the leg below the hip.

Appellant argues that the Commission ignored part of the language of the Arkansas Workers' Compensation Act in computing his average weekly wage and erroneously determined that his compensation rate should be the statutory minimum of $20.00 per week. Appellant contends the Commission should have considered his entire record of employment with Metro from the time he was employed on March 21, 1990, through the date of injury for his claim on May 10, 1990. In support of this argument he relies on the following portion of Ark. Code Ann. § 11-9-518 (1987):

> (a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and *in no case shall be computed on less than a full-time workweek in the employment.*

(Emphasis added.) Appellant contends that this statute requires wages to be computed on no less than an average *full* workweek, and that his average weekly wage should be computed by including the time he worked with Fort Smith Plastics because he is a temporary employee.

The compensation rate of temporary employees represents exceptional circumstances for calculating wages. *Travelers Insurance Company* v. *Perry*, 262 Ark. 398, 557 S.W.2d 200 (1977). We believe that both parties correctly point to *Perry* as the controlling precedent. The parties disagree, however, as to the computation method for which the case stands. In that case it was undisputed that the employee was injured in the course of his employment with a temporary employment company. Over a six-week period of employment the employee only worked a total of four days at $2.20 per hour. There was no contract of employment between the employee and his employer. The employee would simply make himself available for work as and when he wanted, and the employer would assign him to work for a customer as needed. The employee was not required to be available for work assignments. The Commission awarded the employee compensation based on an average weekly wage computed on a forty-hour workweek at $2.20 per hour. The Arkansas Supreme Court reversed, finding no substantial evidence to support the Commis-

sion's finding that the employee's average weekly wage was $88.00. The case was remanded to the Commission and lower court with directions that judgment be entered for the employee at the minimum amount authorized by law.

Appellant contends that *Perry* stands for the principle that the average weekly wage for temporary employees should be averaged over the period of employment with the employment company. Appellee sees *Perry* as limiting the computation of the average weekly wage of an employee who simply makes himself available for unspecified work to the wage being received by the employee on the particular job assignment he is working at the time of the injury. Appellee suggests that *TEC* v. *Underwood*, 33 Ark. App. 116, 802 S.W.2d 481 (1991) supports its interpretation of *Perry*.

*TEC* v. *Underwood* also involved an injured employee of a temporary employment company. The employee was first employed and placed on assignment by the employer at a job which paid $3.50 per hour and involved a forty-hour workweek. Some two months later, at the employee's request, she was assigned to another job which paid $5.50 per hour and where she usually worked forty hours each week. She was injured on this job and the Commission awarded her compensation based solely on a forty-hour workweek at the job where she was working at the time of her injury. Her employer appealed, contending the Commission erred in not averaging her actual hours worked and in not averaging the wages of both her earlier and last job assignments. We affirmed, finding substantial evidence to support the Commission's computation of an average weekly wage based on $5.50 per hour for forty hours each week.

We hold that *Perry* requires an averaging of the earnings of an employee of a temporary employment company who at the time of injury is working on a job assignment of less than a full week. However, if such employee is working on a job assignment involving a full workweek at the time of injury, then only the wage rate for that particular full workweek should be used as the basis for computing compensation. Thus, *Perry* and *TEC* are not in conflict.

The Commission erred in finding that the appellant is entitled only to the statutory minimum of weekly compensation.

16

Therefore, we reverse the decision of the full Commission and remand for a determination of appropriate benefits.

Reversed and remanded.

COOPER and ROGERS, JJ., agree.