METRO TEMPORARIES *v.* Damon BOYD

93-197                                                    863 S.W.2d 316

Supreme Court of Arkansas
Opinion delivered October 25, 1993

480

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold,* by: *Robert E. Hornberger* and *E. Diane Graham,* for appellant.

*Barry D. Kincannon,* for appellee.

ROBERT H. DUDLEY, Justice. Damon Boyd applied for work with Metro Temporaries. Metro is an agency that assigns its applicants to work on a temporary basis for third party companies. Metro assigned Boyd to work four hours for Didier Nurseries. Boyd accepted the assignment and was injured while working on the job. The sole issue on appeal is the method of determining the amount of weekly disability benefits Boyd is entitled to receive under the applicable Workers' Compensation statute.

The essential facts are that Boyd applied for work with Metro on March 21, 1990. The next day Metro assigned him to work at Fort Smith Plastics, and he received $3.80 per hour from Metro for that work. He worked on that job for approximately thirty hours a week over the next five weeks. On April 25, he suffered a compensable injury. On May 1, he was released to go back to work. Metro offered to reassign him to Fort Smith Plastics, but he refused to do the work. Under his application with Metro, he could refuse to work for a third party, and, even if he accepted an assignment, he was not bound to work any set

number of hours. On May 10, 1990, Metro assigned him to a job at Didier's Nursery in Fort Smith. His job was to unload peat moss and his rate of pay from Metro was the same as in the previous job, $3.80 per hour. The Didier job was to last only four hours, and, while unloading peat moss, Boyd injured his knee. Metro, the carrier, and Boyd could not agree on the amount of the weekly permanent partial disability benefit to which Boyd was entitled.

At a worker's compensation hearing, the parties stipulated to every issue except the amount of weekly disability benefits Boyd was to receive for his permanent partial disability. The administrative law judge considered the hours worked for Metro on both the Fort Smith Plastics and the Didier job assignments and found that Boyd's benefit rate was $76.17 per week. Metro appealed to the Arkansas Workers' Compensation Commission. The Commission ruled that Boyd's "contract of hire in force at the time of the accident" was the four hour job at Didier's Nursery at the rate of $3.80 per hour, and that, as a result, Boyd was only entitled to the statutory minimum of $20.00 per week. Boyd appealed to the court of appeals. The court of appeals reversed the Commission, and remanded for a determination of appropriate benefits. *Boyd* v. *Metro Temporaries*, 41 Ark. App. 12, 846 S.W.2d 668 (1993). We affirm the holding of the court of appeals.

The applicable statutes are as follows:

Ark. Code Ann. § 11-9-518, in part, provides:

Weekly wages as basis for compensation

(a)(1) Compensation shall be computed on the average weekly wage earned by the employee under *the contract of hire in force at the time of the accident* and in no case shall be computed on less than a full-time workweek in the employment. [Emphasis supplied.]

Ark. Code Ann. § 11-9-519(a) provides that the benefit for total disability shall be two thirds of the average weekly wage. Ark. Code Ann. § 11-9-501 provides the maximum and minimum benefits.

We first interpreted Ark. Code Ann. § 11-9-518(a)(1) and

the benefits owing to injured workers who are assigned to temporary jobs in *Travelers Ins. Co.* v. *Perry*, 262 Ark. 398, 557 S.W.2d 200 (1977). In that case, Perry made himself available for work at Manpower, Inc., an employment agency similar to Metro in the case at bar, assigned him to work for a third party. Perry was on Manpower's roll from May 27 through July 2, 1975. During that entire time Perry only worked four days at different jobs. He was injured on the last job. The Commission held that Perry was entitled to be compensated for a forty-hour week since he had made himself available to work forty hours a week. The Commission relied on *Gill* v. *Ozark Forest Products*, 255 Ark. 951, 504 S.W.2d 357 (1974), in which a timberman's widow was allowed to collect compensation for a full week even though the claimant frequently did not work a full forty-hour week. We distinguished *Gill* v. *Ozark Forest Products* and reversed because Gill was under contract to work forty hours at an agreed rate whenever work was available. We wrote, "In *Gill*, it was undisputed that the worker had a *'contract of hire in force'* which provided for a forty-hour work week at an agreed rate whenever work was available." *Perry*, 262 Ark. at 400, 557 S.W.2d at 201 (emphasis supplied). Perry, however, was not bound under a contract of hire to be available for work forty hours a week, and, as a result, we held that he should only be compensated for the hours actually worked. Since Perry had worked only four days at $2.20 per hour he was entitled to only the statutory minimum regardless of whether his wages were averaged over his entire tenure with the employment agency or whether each temporary job was considered separately. We made no holding on whether each temporary job assignment might be considered a separate "contract of hire in force."

In *Ryan* v. *NAPA*, 266 Ark. 802, 586 S.W.2d 6 (1979), we applied Ark. Code Ann. § 11-9-518(a) to a part-time employee and upheld the commission's computation of a part-time employee's benefits on a work week of twenty hours. The same statute has been applied repeatedly for part-time, seasonal, and relief employees. *See Wright* v. *Tyson Foods*, 28 Ark. App. 261, 773 S.W.2d 110 (1991); *Mack Coal* v. *Hill*, 204 Ark. 407, 162 S.W.2d 906 (1942).

The court of appeals more recently considered a case involving an injured worker who was temporarily assigned by an

agency to a third party. In that case, *TEC* v. *Underwood*, 33 Ark. App. 116, 802 S.W.2d 481 (1991), the worker was assigned to a forty hour a week job with pay at the rate of $3.50 per hour. Shortly afterwards, she accepted an assignment to another forty hour a week job which paid $5.50 per hour. She worked on that job "at least three weeks, closer to a month." The Commission computed her benefits based upon a forty-hour week at $5.50 per hour. On appeal to the court of appeals, TEC argued that the benefit should have been computed by averaging the wages she was paid on both jobs. The average hours worked was apparently not contested. The court of appeals rejected TEC's argument and held that the Commission's ruling on the average wage was supported by substantial evidence. The court's opinion did not discuss the issue of the "contract of hire in force at the time of the accident." Perhaps the statutory language was not argued by TEC in its brief, but, for whatever reason, it is significant that the issue was omitted from the opinion.

The the next case on the subject is the case at bar. In this case, the court of appeals considered *Travelers Ins. Co.* v. *Perry* and *TEC* v. *Underwood* and concluded that, under *Travelers Ins. Co.* v. *Perry*, the proper standard for determining benefits due the injured worker when he or she is assigned to the job by an agency would be to average the employee's wages when the employee is working on an assignment of less than a full week at the time of injury, but, under *TEC* v. *Underwood*, when an injured worker is working on an assignment of forty hours or more per week the wages should not be averaged, but rather the benefits should be based on the hours and wages for that one week. *Boyd* v. *Metro Temporaries*, 41 Ark. App. 12, 15 (1993).

Metro asked this court to review the court of appeals decision and we granted review. In its petition, Metro asserts that all temporarily assigned, injured workers should be treated in the same manner, and whether they later accept assignments of ten hours a week or accept assignments of forty hours a week makes no difference in the "contract of hire in force." From that premise, Metro argues that the contract either is or is not a "contract of hire in force." It argues that the statute cannot correctly be construed to provide that there is no "contract of hire in force" when the employee works forty hours a week, but there is such a "contract of hire in force" when the employee works only

ten hours a week. Metro further contends that in *TEC* v. *Underwood*, the court of appeals held that the wages paid during the forty-hour week in which the worker was injured did not have to be averaged, and that constituted an implied holding the "contract of hire in force and effect at the time" was the contract with the third party. Finally, Metro contends that the court of appeals holding in this case is inconsistent with *TEC* v. *Underwood*. Metro's arguments are meritorious to this point. However, Metro goes further and asks us to overrule the court of appeals decision in this case and to apply the *TEC* rationale. The result would be that Boyd's benefit would be based upon his assignment to Didier's Nursery for four hours at a wage of $3.80, or the minimum statutory benefit. We decline the invitation to overrule the court of appeals in this case.

In support of its argument against averaging of wages, Metro, citing *Curtis* v. *Ermert Funeral Home*, 4 Ark. App. 274, 630 S.W.2d 57 (1982), suggests that precedent prohibits an award of compensation based upon the wages received and hours worked at two jobs. We are not persuaded that the cited case prohibits averaging. In that case the claimant worked for two employers, and sustained a compensable injury at one of the jobs. He sought to have the wages from both jobs combined in determining his benefits. The court of appeals held that there was no provision in the statutes authorizing combining incomes from two employers, and that the worker is limited to compensation based upon the wages he was earning under "the contract in force at the time of the accident." However, the facts in *Curtis* v. *Ermert Funeral Home* do not govern this case because Metro is the sole employer under the applicable statute. In *Marianna School Dist.* v. *Vanderburg*, 16 Ark. App. 271, 700 S.W.2d 381 (1985), the court of appeals explained the rationale of *Curtis* v. *Ermert Funeral Home*, and held that an employee who is working two jobs for *the same employer* can receive compensation by combining the wages of the two jobs. The court explained:

> We find a sound basis for a distinction between the combining of wages earned in concurrent employments with different employers and those earned in concurrent ones with the same employer. The combining of wages from different employers would impose on the employer a liability of which he might not be aware and had not

assumed and upon the carrier one for which it was not compensated by premiums. Here the injured worker worked full-time for the same employer and insurance premium computations were based on the waged paid her in both employments.

*Vanderburg*, 16 Ark. App. at 274, 700 S.W.2d at 383.

In conclusion, *Travelers Ins. Co.* v. *Perry* holds that an injured worker like Boyd cannot receive benefits based on a forty-hour week without actually having worked forty hours, unless the worker can prove he or she was bound by contract to work the forty hours if the work were made available. *Perry*, 262 Ark. 400, 557 S.W.2d at 201. In *Ryan* v. *NAPA*, a case involving part-time work, we said that the average weekly wages of the appellant should be computed on the basis of a normal part-time work schedule of twenty hours per week, plus overtime actually worked. *Ryan*, 266 Ark. at 804, 586 S.W.2d at 7. In *Marianna School Dist.* v. *Vanderburg*, the court of appeals held that the statute provides for benefits based upon the combining of wages and hours worked at different jobs, if the different jobs are performed for the same employer. *Vanderburg*, 16 Ark. App. at 274, 700 S.W.2d at 383. In this case Metro understood that it was the employer because it paid Boyd's wages, obtained compensation coverage, and stipulated that it was the employer. Metro anticipated assigning Boyd to different jobs, with different hours, and at different wages. Metro assigned Boyd to different jobs pursuant to the contract of hire in force at the time of the accident. Under the cases interpreting the statute, Boyd is entitled to receive benefits based upon averaging the hours worked at the different jobs. Accordingly, we affirm the holding of the court of appeals remanding this case to the Workers' Compensation Commission for a determination of appropriate relief. We overrule *TEC* v. *Underwood*, 33 Ark. App. 116, 802 S.W.2d 481 (1991), to the extent it is in conflict with this opinion.

Affirmed.