A & C SERVICES, INC. v. Johnny SOWELL

CA 93-133                                          870 S.W.2d 764

Court of Appeals of Arkansas
En Banc
Opinion delivered February 2, 1994

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *E. Diane Graham*, for appellant.

*Johnny Sowell*, Pro Se.

JOHN B. ROBBINS, Judge. Appellant A&C Services Inc. (A&C) appeals from a decision of the Arkansas Workers' Compensation Commission finding that appellee Johnny Sowell was entitled to benefits of $166.68 per week, pursuant to Ark. Code Ann. § 11-9-518(a)(1) (1987). A&C contends that the Commission erred in basing Sowell's average weekly wage on a forty-hour workweek in arriving at his weekly benefit rate. We agree, and reverse.

Sowell was employed by A&C on August 12, 1991, and worked until he was injured on the job at Goodwin Construction on September 10, 1991. The case was submitted to the Commission on stipulated facts and, essentially, involved only a question of law as to the method of computing weekly benefit rates of an employee of a temporary employment agency. The evidence before the Commission consisted solely of the following stipulation:

> That the Respondent Employer is a temporary employment agency which provides employment opportunities for individuals by referring them to employment which is available with others who contract with the Respondent Employer to provide temporary employees in their businesses. That the Claimant, Johnny Lee Sowell, applied for employment with the Respondent Employer on August 12, 1991, and filled out an Application for Employment which is attached hereto as Exhibit "A." That subsequent to August 12, 1991, the Claimant was provided employment through the Respondent Employer as follows:

| Week Ending | Employment Provided | Hours Worked | Wages Recv'd |
|---|---|---|---|
| 8/18/91 | Goodwin Construction | 40 | $250.00 |
| 8/25/91 | Goodwin Construction | 43 | 278.14 |
| 9/01/91 | Arkansas Proteins/ Rymer Foods | 32 | 160.00 |
| 9/08/91 | Goodwin Construction | 16 | 100.00 |
| 9/15/91 | Goodwin Construction | 18 | 112.50 |

The Claimant returned to work for Goodwin Construction Company on September 5, 1991, worked eight hours on Thursday, September 5, 1991, eight hours on Friday, September 6, 1991, for a total of 16 hours, pay period ending Sunday, September 8, 1991. The Claimant worked ten hours Monday, September 9, 1991, and eight hours, Tuesday, September 10, 1991, for a total of 18 hours for the week ending September 15, 1991. The Claimant obtained medical treatment at the Convenient Medical Center on the date of his injury. The Claimant's wage rate was Six Dollars and 25/100 ($6.25) per hour.

Sowell argued before the Commission that his weekly benefit rate should be based upon a forty-hour workweek. A&C contended that Sowell's weekly benefit rate should be calculated by determining the actual number of hours worked and then averaging them over the number of weeks worked. The Administrative Law Judge treated the last two partial weeks of employment as one week, and divided four weeks into the total number of hours worked (149) to arrive at an average number of hours worked per week of 37.25. He found that Sowell was entitled to a weekly benefit rate of $155.20. The full Commission considered only Sowell's employment history with Goodwin Construction, where he was working at the time of his injury, and found that he was working at least eight hours per day, five days per week for the weeks ending August 18 and August 25, 1991. The Commission found that appellee returned to work for Goodwin Construction on September 5, 1991, and worked eight hours on each day remaining in that particular pay period, and when the new period began on September 9, appellee was working "full-time," or at least eight hours per day until his injury. The Commission went on to find that:

"Thus, the evidence indicates that the contract for hire with Goodwin Construction in force at the time of the accident was for at least eight hours per day, five days per week. Therefore, pursuant to Ark. Code Ann. § 11-9-518(a)(1) claimant's average weekly wage should be computed on a full-time workweek in the employment.

A&C appealed this determination.

The applicable statute is found in Ark. Code Ann. § 11-9-518 which provides as follows:

(a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of accident and in no case shall be computed on less than a full-time workweek in the employment.

(2) Where the injured employee was working on a piece basis, the average weekly wage shall be determined by dividing the earnings of the employee by the number of hours required to earn the wages during the period not to exceed fifty-two (52) weeks preceding the week in which the accident occurred and by multiplying this hourly wage by the number of hours in full-time workweek in the employment.

(b) Overtime earnings are to be added to the regular weekly wages and shall be computed by dividing the overtime earnings by the number of weeks worked by the employee in the same employment under the contract of hire in force at the time of the accident, not to exceed a period of fifty-two (52) weeks preceding the accident.

(c) If, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned.

We and the supreme court have recently had occasion to address the method of determining a temporary worker's weekly benefit rate. *Metro Temporaries* v. *Boyd*, 41 Ark. App. 12, 846 S.W.2d 668 (1993), *aff'd*, 314 Ark. 479, 863 S.W.2d 316

(1993). In *Metro*, the supreme court stated:

> *Travelers Ins. Co. v. Perry*, [262 Ark. 398, 557 S.W.2d 200 (1977)] holds that an injured worker like Boyd [a temporary worker] cannot receive benefits based on a forty-hour week without actually having worked forty hours, unless the worker can prove he or she was bound by contract to work the forty hours if the work were made available. *Perry*, 262 Ark. [at] 400, 557 S.W.2d at 201.
>
> . . . .
>
> In *Marianna School District v. Vanderburg*, the court of appeals held that the statute provides for benefits based upon the combining of wages and hours worked at different jobs, if the different jobs are performed for the same employer. *Vanderburg*, 16 Ark. App. at 274, 700 S.W.2d at 383. In this case Metro understood that it was the employer because it paid Boyd's wages, obtained compensation coverage, and stipulated that it was the employer. Metro anticipated assigning Boyd to different jobs, with different hours, and at different wages. Metro assigned Boyd to different jobs pursuant to the contract of hire in force at the time of the accident. Under the cases interpreting the statute, Boyd is entitled to receive benefits based upon averaging the hours worked at the different jobs.

*Metro Temporaries*, 314 Ark. at 485, 863 S.W.2d at 319.

We hold that the Commission's conclusion is in error for two reasons. First, the stipulated fact is that Sowell's contract of hire was with A&C, not Goodwin. Furthermore, the only proof before the Commission is that contained in the parties' stipulation, and this stipulation did not include any representation that Sowell worked forty hours each week for A&C, nor that Sowell was bound by contract with A&C to work forty hours each workweek if the work was made available to him. Sowell had the burden of proving that he was bound by contract to work forty hours each workweek if the work was made available. *Travelers Ins. Co. v. Perry, supra*. Consequently, pursuant to *Metro Temporaries v. Boyd, supra*, Sowell is entitled to receive benefits based upon an averaging of the hours worked and wages

received at the different jobs to which he was assigned by A&C. We reverse the Commission's holding that Sowell is entitled to benefits of $166.68 per week, and remand for the Commission to average the hours worked and wages received by Sowell for the weeks worked for A&C ending August 18, 1991, August 25, 1991, September 1, 1991, and September 8, 1991. The week ending September 15, 1991, should not be considered inasmuch as Sowell's employment was interrupted by his injury two days into that pay period and was not a "full workweek." *See* Ark. Code Ann. § 11-9-518(c).

Reversed and remanded.

MAYFIELD, J., concurs.

JENNINGS, C.J., and ROGERS, J., dissent.

MELVIN MAYFIELD, Judge, concurring. I concur in the decision to reverse and remand. In my opinion this result is required by the Arkansas Supreme Court's decision in *Metro Temporaries v. Boyd*, 314 Ark. 479, 863 S.W.2d 316 (1993).

However, I would point out that I find no conflict between that opinion and our opinion in *TEC* v. *Underwood*, 33 Ark. 116, 802 S.W.2d 481 (1991). Although *TEC* was a temporary employment company for whom the appellee worked, the opinion reveals that the appellee testified she had actually worked a forty-hour week for the two employers to whom she had been assigned. Moreover, the opinion does not show that the language pertaining to the "weekly wage earned . . . under the contract of hire in force at the time of accident," found in Ark. Code Ann. § 11-9-518(a)(1) (1987), was relied upon by the appellant. To the contrary, the opinion states that the appellant wanted to use a wage rate based upon the appellee's work for both employers to whom she was assigned because this would be "fair and just" under Ark. Code Ann. § 11-9-518(c) (1987).