ALUMINUM COMPANY OF AMERICA
*v.* Grady B. ROLLON

CA 01-638                                      64 S.W.3d 756

Court of Appeals of Arkansas
Division I
Opinion delivered December 19, 2001

*Rose Law Firm*, by: *Phillip Carroll*, for appellant.

*Kaplan, Brewer, Maxey & Haralson, P.A.*, by: *Silas H. Brewer*, for appellee.

JOHN F. STROUD, JR., Chief Judge. This is the second appeal in this workers' compensation hearing-loss case. The Workers' Compensation Commission originally awarded appellee, Grady Rollon, benefits for his hearing loss, finding that his claim for benefits was not precluded by the statute of limitations. In an unpublished opinion dated June 16, 1999, *ALCOA v. Rollon*, CA 98-776, this court reversed and remanded the case to the Commission for further proceedings in light of our supreme court's decision in *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). In that case, the supreme court held that the two-year statute of limitations was applicable to work-related, noise-induced hearing loss and began to run when the hearing loss became apparent to the claimant.[1]

---

[1] Although not controlling in the facts of this case, the supreme court also held in *Minnesota Mining & Mfg. v. Baker* that the statute of limitations began to run on the date the claimant became aware of his hearing loss because his hearing did not continue to deteriorate

On remand, the Commission determined that the two–year statute of limitations barred Rollon's claim for indemnity benefits for his 1.9% hearing loss, and Rollon does not appeal this finding. However, the Commission left intact its finding that ALCOA was responsible for providing hearing aids for Rollon.

ALCOA now appeals the Commission's decision that it is liable for providing hearing aids for Rollon. For its first point on appeal, ALCOA argues, "The Commission erred in holding that an increase in threshold shifts in higher frequencies in claimant's right ear shown in his January 24, 1994, audiogram, as compared to the claimant's September 24, 1990, audiogram justified the finding that ALCOA be required to purchase hearing aids, and that ALCOA had the burden of proving by a preponderance of the evidence that Rollon's hearing loss was sufficient more than two years before he filed his claim to require hearing aids. If Rollon's claim for hearing loss is barred by the statute of limitations, his claim for amplification devices to reduce that handicap is also barred by the statute of limitations." ALCOA's second point on appeal is that the Commission erred in holding that only medical testimony may be considered on the issue of causation. We reverse.

Rollon began working for ALCOA on April 15, 1963, and retired on December 31, 1995. He first worked in the labor pool, but he was transferred to maintenance in 1973 and remained so employed until his retirement. Prior to working for ALCOA, Rollon served in the Army and was trained on the M1 rifle.

ALCOA administered a pre-employment audiogram for Rollon on April 8, 1963. Rollon was informed by ALCOA as early as 1984 that his hearing at high–noise levels was decreasing. In 1989, Rollon was again notified by letter that there had been a decrease in his hearing ability. The results of a hearing test administered on January 8, 1990, which were signed by Rollon, indicated that his hearing impairment was progressive. Another hearing test was administered on September 24, 1990, and in a letter of even date, Rollon was advised that his hearing impairment had not changed since the January test. Rollon's hearing impairment on September 24, 1990, according to the *AMA Guides*, was 1.9%.

Rollon filed his claim for benefits on March 3, 1993. A January 24, 1994, audiogram indicated that Rollon's actual impairment

---

from the time he became aware of his hearing loss to the date he filed his claim for benefits.

remained at 1.9% pursuant to the *AMA Guides*, which was the same impairment rating of Rollon's hearing in September 1990. However, there was a shift in the higher threshold frequencies, indicating that Rollon's hearing at those frequencies had continued to deteriorate to profound levels. This was not indicated in the impairment rating because the *AMA Guides* formula used to arrive at the permanent impairment rating only utilizes the frequencies up to 3000 Hz, and Rollon's profound impairment was at levels of 4000 Hz and higher.

In ordering ALCOA to provide hearing aids to Rollon, the Commission stated:

> We have previously awarded the claimant hearing aids based on Dr. Daniel Orchik's expert medical testimony indicating that the claimant's hearing loss after his claim was filed was of a nature and extent sufficient to require hearing aids. While the claimant's hearing impairment as calculated under the *AMA Guides* formula remained the same at 1.9% between 1990 and 1994, we note that the claimant's January 24, 1994, audiogram indicates some degree of overall increased threshold shift, particularly in the higher frequencies, as compared to the claimant's September 24, 1990, audiogram. Whether the claimant's hearing loss might have been sufficient to require a need for hearing aids two years prior to the date that the claimant filed his claim is a medical question, and there are no medical opinions in the record indicating that the claimant's hearing loss was sufficient to require hearing aids more than two years prior to the date the claimant filed his claim for benefits, or to indicate that the claimant's additional hearing loss beginning two years prior to the date he filed his claim was insufficient to cause a need for hearing aids. Under these circumstances, we find that the respondents [ALCOA] have failed to establish by a preponderance of the evidence that the claimant's claim for hearing aids is barred by the statute of limitations.

Arkansas Code Annotated § 11-9-702(a)(1) (1987), provides, "A claim for compensation for disability on account of injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Commission within two (2) years from the date of injury." The Commission determined that Rollon's 1.9% permanent hearing impairment had developed and become apparent to Rollon more than two years prior to the date he filed his claim for benefits on March 3, 1993, and was therefore barred by the statute of limitations, a finding not appealed to this court.

■ However, the Commission recognized that although Rollon's permanent impairment remained the same under the *AMA Guides,* he had nonetheless continued to suffer additional deterioration of his hearing in the higher frequencies. The Commission determined that because there were no medical opinions in the record to indicate that Rollon's need for hearing aids developed more than two years prior to the date he filed his claim for benefits or that the additional loss of high-frequency hearing that developed within the two years prior to the claim being filed was not the reason he needed hearing aids, ALCOA had failed to establish by a preponderance of the evidence that Rollon's claim for hearing aids was barred by the statute of limitations. We hold that this was an improper shifting of the burden of proof from the employee to the employer.

■ In *Petit Jean Air Serv. v. Wilson,* 251 Ark. 871, 475 S.W.2d 531 (1972), a workers' compensation case concerning the statutory limitations for a claim for additional benefits, Justice George Rose Smith, in holding that the employee was statutorily barred from receiving additional benefits, stated, "It is plainly the better rule to put upon the claimant the burden of filing his claim for additional compensation within the time allowed by the statute. In our opinion, that view of the matter gives effect both to the letter and to the spirit of the law." 251 Ark. at 875, 475 S.W.2d at 534.

■■ Although not directly on point, we find that this holding is analogous and instructive. The claimant has always been required to prove all of the elements of his workers' compensation claim. *See McFall v. Farmers Tractor & Truck Co.,* 227 Ark. 985, 302 S.W.2d 801 (1957) (holding that the liberal construction of workers' compensation laws did not relieve a claimant of the burden of showing a causal relation between his injury and the employment); *Am. Cas. Co. v. Jones,* 224 Ark. 731, 276 S.W.2d 41 (1955) (holding that it is the claimant's burden to show that the injury was the result of an accident that not only arose in the course of the employment but that it also grew out of, or resulted from the employment); and *Howard v. AP&L Co.,* 20 Ark. App. 98, 724 S.W.2d 193 (1987) (holding that the burden rests upon the party seeking benefits to prove the injury sustained was the result of an accident arising out of and in the course of employment, and the rule of liberal construction is not a substitute for the claimant's burden of establishing his claim by a preponderance of the evidence).[2] Likewise, in the

---

[2] The claim in the present case was filed prior to July 1, 1993, the date that the new

present case, we hold that it remained Rollon's burden to prove that his need for hearing aids resulted from the hearing loss sustained during the two years prior to the date he filed his claim for benefits. We believe that this interpretation of the issue, as in *Petit Jean Air Serv. v. Wilson, supra,* gives effect both to the letter and to the spirit of the law.

Reversed.

HART and NEAL, JJ., agree.

---

workers' compensation statutes took effect; therefore, the cases cited are pre-1993 cases, in which the workers' compensation statutes were liberally construed.