Cite as 2023 Ark. App. 68

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-298

| | |
|---|---|
| JOSHUA RUFFIN<br>APPELLANT<br><br>V.<br><br>COMMAND CENTER, INC.; ACE<br>AMERICAN INSURANCE COMPANY;<br>AND GALLAGHER BASSETT<br>SERVICES<br>APPELLEES | Opinion Delivered February 15, 2023<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION [NO. G701898]<br><br><br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

In 2017, appellant Joshua Ruffin was a temporary employee working on a debris-removal assignment at the Little Rock Air Force Base (LRAFB) when he was undisputedly injured on his second day of the job. Ruffin's employer, appellee Command Center, Inc., is a temporary services placement company. Ruffin claimed that his average weekly wage for workers'-compensation purposes was $404. In contrast, the employer claimed that Ruffin's average weekly wage was $121.68, so it paid indemnity benefits in accordance with that figure. Ruffin filed a claim for underpayment of indemnity benefits based on the difference in those figures. The Workers' Compensation Commission denied his claim, and this appeal followed. We affirm.

In appeals involving claims for workers' compensation, we view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported

by substantial evidence.  *Carrick v. Baptist Health*, 2022 Ark. App. 134, 643 S.W.3d 466. When the Commission denies a claim due to the claimant's failure to meet his or her burden of proof, the substantial-evidence standard of review requires us to affirm the Commission's decision if the opinion displays a substantial basis for the denial of relief.  *Id.*  We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the Commission's conclusions.  *Id.*  The claimant bears the burden to prove entitlement to workers'-compensation benefits.  *See Voan v. City of Texarkana*, 2015 Ark. App. 625; *Aluminum Co. of Am. v. Rollon*, 76 Ark. App. 240, 64 S.W.3d 756 (2001).

Ruffin applied for work with Command Center in October 2016 indicating that he would be available to work any shift on any day of the week. Before the LRAFB assignment, Ruffin had other work assignments through Command Center that paid various hourly wages.  Those wages ranged from $8 to $11 an hour depending on the client Command Center sent him to. Ruffin was paid daily for his work.  Some weeks he did not work at all. The LRAFB assignment paid $10.10 an hour, and Ruffin thought this assignment would be a forty-hour work week that would last several months.[1]  Ruffin, however, could not verify that he ever earned $404 a week during his assignments from Command Center.  Ruffin's girlfriend corroborated his testimony; she said that Ruffin normally worked "a couple of days or a few hours here and there for the Command Center" but that the LRAFB job was going

---

[1]Command Center contracted with Source Building and Construction to provide labor for debris removal at the LRAFB site.

2

to be long term, and he had already worked his first full day before he was injured on the second day at the LRAFB job. Ruffin and his girlfriend were found to be credible and sincere witnesses. Both parties submitted wage records for the period covering October 12, 2016, through March 9, 2017, and both parties came to a total gross pay of $1,460.11.

The employer averaged those wages over twelve weeks during which Ruffin actually worked and came to $121.68 as Ruffin's average weekly wage. Ruffin contended that he was injured while working a full-time job at LRAFB, where he was prepared to work forty hours a week at $10.10 an hour, so $404 was his average weekly wage.

The administrative law judge (ALJ) found that Ruffin had not proved that he was entitled to an average weekly wage of $404 or that he was owed for underpayment of indemnity benefits. The ALJ, relying on *Metro Temporaries v. Boyd*, 314 Ark. 479, 863 S.W.2d 316 (1993), found that Ruffin could not receive benefits based on a forty-hour week without having actually worked forty hours unless he could prove he was bound by a contract to work the forty hours if the work were made available. Further, the ALJ cited *Metro*'s holding and found that the relevant statute required averaging the hours worked at the different jobs. While the ALJ understood that Ruffin and his girlfriend believed that he was under a full-time contract with LRAFB, the ALJ found there to be no contract for hire at $10.10 an hour for a forty-hour week. The ALJ rejected Ruffin's request to invoke an "exceptional circumstances" provision in the workers'-compensation statutes that would permit the ALJ to use a different method to calculate his average weekly wage if wages could not be "fairly

3

and justly" determined. Ruffin appealed to the Commission, which affirmed and adopted the ALJ's decision.

Ruffin reasserts that his average weekly wage was $404 based on the LRAFB job he was working at the time of his injuries. Ruffin argues, in the alternative, that there is statutory authority in Ark. Code Ann. § 11-19-518(c) (Repl. 2012) for this court to remand his case to the Commission for it to calculate a higher average weekly wage because this constitutes an "exceptional circumstance" under the statute. Ruffin adds that, should he prevail, he is entitled to an attorney's fee. We affirm the Commission's decision.

Arkansas Code Annotated section 11-9-518 provides in pertinent part:

> (a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment.
>
> . . . .
>
> (c) If, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned.

The documentary evidence is clear. Over the course of the almost five months that Ruffin was available for assignments from Command Center as a temporary employee, Ruffin worked a total of twenty-one days for seven different clients of Command Center. He never worked more than three days in any given week. Ruffin's contract of hire was with Command Center, not LRAFB, and there is substantial evidence to support the Commission's decision that Ruffin's weekly wage was to be determined by averaging the hours worked and wages received by Ruffin for the weeks he worked for Command Center.

4

*See A & C Servs., Inc. v. Sowell*, 44 Ark. App. 150, 870 S.W.2d 764 (1994). Because there was a valid method to calculate Ruffin's average weekly wage, the Commission's decision declining to treat this as an "exceptional circumstance" that required a different calculation method is supported by substantial evidence.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Laura J. Pearn*, for appellees.