Cite as 2024 Ark. App. 219

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-23-387

| | | |
|---|---|---|
| NEAL ROBERTS | | Opinion Delivered March 27, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-20-42] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Neal Roberts was convicted by the Jefferson County Circuit Court of raping MC, the daughter of appellant's girlfriend.[1] He was sentenced to twenty years' imprisonment. He argues on appeal that the circuit court erred in granting the State's motion to admit evidence under Arkansas Rule of Evidence 404(b). He also contends that the evidence was insufficient to support his conviction. We affirm.

Although appellant's sufficiency-of-the-evidence argument is listed as his second point on appeal, we review it first due to our prohibition against double jeopardy.[2] Following the

---

[1]Appellant was not married to MC's mother, but he was referred to as MC's stepfather because he and the mother were in a long-term relationship for about eight years and lived together during this time.

[2]*Watkins v. State*, 2010 Ark. App. 85, 377 S.W.3d 286.

State's case, appellant moved to have the charges against him dismissed, contending that MC failed to identify him as the perpetrator and that she could not remember anything about the assault, including the place and time.[3] We treat a motion to dismiss in a bench trial as a challenge to the sufficiency of the evidence.[4] The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence.[5] Substantial evidence is evidence forceful enough to reach a conclusion one way or the other beyond suspicion or conjecture.[6] When a defendant challenges the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and only evidence supporting the verdict will be considered.[7]

A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age.[8] Sexual intercourse "means penetration, however slight, of the labia majora by a penis."[9] Deviate sexual activity "means

---

[3]Appellant referred to his motion at trial and before this court as a directed-verdict motion; however, it is a motion to dismiss.

[4]*Johnson v. State*, 2024 Ark. App. 56, ___ S.W.3d ___.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]Ark. Code Ann. § 5-14-103 (Repl. 2013).

[9]Ark. Code Ann. § 5-14-101(13) (Supp. 2023).

any act of sexual gratification involving the penetration, however slight, of the anus or mouth of one person by the penis of another person or the penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person."[10] We have held that a victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a rape conviction, even when the victim is a child.[11] Scientific or medical evidence is not required.[12]

Appellant's bench trial took place January 12–13, 2023. MC testified that she was born on February 9, 2006. She stated that she was about ten years old when she first made accusations against appellant. She said that she told her brother's grandmother that appellant was trying to have sex with her. She testified that she subsequently told the police that appellant tried to stick his penis in her and would make her put his penis in her mouth. She was removed from the home but admitted that she returned home after she recanted. She said that she recanted because she was "gaslighted" by appellant. She described "gaslighted" as "[g]uilt tripped, told that [she] would be affecting other people than [herself]." She said that she felt guilty because she was putting her needs over her mom's and brothers' needs. She explained that she felt like her mom and siblings could not live without appellant because he "took care of most of the payments in the house." MC testified that the "same

---

[10]Ark. Code Ann. § 5-14-101(1).

[11]*McCauley v. State*, 2023 Ark. App. 68, 663 S.W.3d 383.

[12]*Id.*

things" happened with appellant once she returned home. She testified that it would happen in the bedroom appellant shared with her mother when her mother was not home. She stated that in 2017, appellant would make her put his penis in her mouth and that, initially, he would rub his penis against her private part. She said that he eventually progressed to putting his penis in her vaginal canal.

MC testified that in 2018, she was having some urinary issues and had to go to the hospital. She was subsequently diagnosed with gonorrhea. She stated that sexual things were still happening between her and appellant from 2017 to 2018, including appellant's "stick[ing] his penis inside of [her] genitals." She stated that she told her friend from school what was going on but that she was scared to tell anyone else because her mother was still unemployed and unable to take care of them. She stated that in the summer of 2018, she went multiple places with appellant in his semi-truck. She admitted that she could not remember how long she was on the road with appellant in his truck but indicated that the "same things" that had been happening sexually at home happened while she was with him on the road. She said that she and appellant were outside Arkansas during this time.

MC stated that her mother had a motor-vehicle wreck the summer of 2018 after MC had returned from the trip with appellant. MC said that she and her brother were in the car at the time of the wreck and that they all were injured. MC was subsequently removed from her mom's care and placed with her great aunt and uncle.[13] She asked her aunt to retrieve

---

[13]MC's mother was found to have been driving while under the influence.

items from her mother's house, including her diary. She said that she had written down things that had been going on between her and appellant in her diary because she was still afraid to talk to anyone about it. She read the following passage from her diary: "I feel dirty. I let my stepfather for four years touch me, . . . and if it wasn't for my mom would lose him [sic]. All men are just like that. He has nothing to do with me if it's not sex. The reason I first had a dildo is because he would feel me up." She said that in addition to writing in her diary, she would cut herself and had tried to kill herself. She testified that appellant got her the dildo. MC testified that her aunt read the diary, and that is what started this case as well as a proceeding in juvenile court.

MC testified on cross-examination that she and appellant last had sex in 2018 in the shed. She also stated that the abuse started when she was about eight or nine years old. She said that when it first started, she would get up in the morning before school and sit in appellant's lap, where appellant would "rub [her] against [him]." She stated that appellant started putting "something in [her]" when she was ten or eleven years old. She said that appellant would "put his penis in [her] mouth, white stuff would come out, and then he'd put it up in [her]."

MC's testimony alone is sufficient to show that appellant raped MC, who was under the age of fourteen at the time. Appellant argues that MC could not remember where the incidents happened and could not provide details of the alleged incidents. However, time is not an essential element of the crime of rape, and it is not necessary for the State to prove

5

specifically when and where each act of rape occurred.[14]  Essentially, appellant's argument on appeal amounts to a challenge of MC's credibility.  However, it is the function of the circuit court, acting as the trier of fact, not this court, to determine the credibility of witnesses and to resolve any inconsistencies in the evidence.[15]

Appellant argues that the circuit court erred by granting the State's Rule 404(b) motion to admit MC's testimony about sexual abuse perpetrated against her by appellant outside Arkansas.  As a general rule, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith.[16]  Rule 404(b), however, allows the introduction of such evidence for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[17]  Our courts have also long recognized a "pedophile exception" to Rule 404(b).[18]  The pedophile exception permits evidence of the defendant's prior similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship and to prove the depraved instinct of the accused.[19]  Such evidence

---

[14]*See Greeno v. State*, 2023 Ark. App. 500, 678 S.W.3d 617.

[15]*Id.*

[16]Ark. R. Evid. 404 (2023).

[17]*Dillard v. State*, 2020 Ark. App. 419.

[18]*See id.*

[19]*Oliver v. State*, 2020 Ark. App. 498, 612 S.W.3d 738.

not only helps to prove the depraved sexual instinct of the accused but is also admissible to show the familiarity of the parties and antecedent conduct toward one another and to corroborate the testimony of the victim.[20] The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the circuit court.[21] We will not reverse the circuit court's ruling absent a showing of manifest abuse.[22] Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration.[23] Additionally, prejudice must have resulted.[24]

Here, appellant sought to prevent the introduction of testimony by MC that he also sexually abused her outside Arkansas. According to MC, the same sexual incidents that had taken place in Jefferson County also took place when she was on the road with appellant during the summer of 2018. This testimony fell squarely under the pedophile exception to Rule 404(b). There is no doubt that there was an intimate relationship between appellant and MC: he was referred to as her stepfather and had shared a home with her, her mother, and her siblings for years. Furthermore, the acts described in the sexual abuse outside

---

[20]*Dillard*, *supra*.

[21]*Id.*

[22]*Id.*
[23]*Id.*

[24]*Ralston v. State*, 2019 Ark. App. 175, 573 S.W.3d 607.

7

Arkansas were the same as the acts that occurred in Arkansas and were, therefore, relevant to show appellant's proclivity towards MC.[25] Additionally, appellant has been unable to show prejudice. Therefore, we hold that the circuit court did not abuse its discretion in admitting this evidence.

Appellant also maintains that the evidence should have been excluded under Arkansas Rule of Evidence 403 because the probative value was substantially outweighed by its prejudicial effect. Appellant argues that, if allowed, such testimony alone could lead to his conviction and that a "jury could punish a defendant of prior uncharged acts even though they do not believe that he committed the offense to which he is charged." It must first be noted that the dangers associated with a jury punishing a defendant for an uncharged offense have no relevance to the facts of this case since appellant was tried and convicted by the circuit court, not a jury. We do not reach appellant's Rule 403 argument because there is no indication that he made the argument to the circuit court. Even if he had, the circuit court did not rule on whether the probative value of MC's testimony about events outside Arkansas substantially outweighed the danger of unfair prejudice to appellant.[26] An appellant must obtain a ruling on whether Rule 404(b) evidence should have been excluded under Rule 403 to preserve the issue for an appeal.[27] Since there is no ruling by the circuit court addressing Rule 403, there is nothing for us to review.

---

[25]*See Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55.

[26]*See James v. State*, 2021 Ark. App. 33, 606 S.W.3d 267.

[27]*Id.*

8

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Richard Grasby*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.